**Jay W. SELBY, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15376.

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1957.

J. H. Brill, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Donald B. Constine, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, POPE, and FEE, Circuit Judges.

HEALY, Circuit Judge.

Appellant was charged with violation of § 12(a) of the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 462(a), in that he refused to submit to induction into the armed forces of the United States when directed so to do. On trial below to the court sitting without a jury he was adjudged guilty. He contends that the denial to him by the Selective Service authorities of a conscientious objector status was without basis in fact or law, and that his conviction was error. We think the contrary.

The Selective Service file on appellant shows the following sequence of events: In July of 1950 he registered for the draft. On April 3, 1951, he joined the Naval Reserve. Two weeks later he filled out the classification questionnaire for his Local Board. In this he made no mention of his being a conscientious objector, notwithstanding space is provided in the form for such information. On April 30, 1951, he was classified 1–A. In March of 1952 he was discharged from the Naval Reserve for reasons of "convenience of the Government." On July 14 following he filed a special form with the Local Board, stating for the first time that he was a conscientious objector opposed to combat and noncombat training.

A few weeks later he obtained a personal appearance before his Board, claiming that he should be classified 4–D as a minister, and further stating that he would not be satisfied with a 1–O classification (conscientious objector without military training). His 1–A classification was by the Board ordered continued.

September 30, 1952, he wrote the Board requesting a rehearing, stating that he would accept a 1–A–O classification (noncombat military training, medics, chaplain, etc.). However at the rehearing, which was given him in November following, he informed the Board that he would accept only a 1–O classification. His 1–A classification was continued, and he appealed to the Appeal Board. The latter, as directed by the statute, referred his file to the Department of Justice for inquiry and hearing. The Department's hearing officer recommended that the conscientious objector classification be denied appellant in that he had not shown that he was sincere in respect of his beliefs regarding military duty. The FBI reports made at the time contain statements from former employers, employees, and neighbors, to the effect that appellant was insincere in his asserted beliefs and was seeking merely to avoid service. The Department concurred in the views of its hearing officer and so advised the Appeal Board.

Thereafter, the Appeal Board affirmed the 1–A classification. Upon appellant's refusal to be inducted he was indicted for failure to submit thereto. However, on his trial in the district court he was ordered acquitted on procedural grounds, apparently in that while the Appeal Board was considering the case the Local Board had sent it a letter relating declarations of two people who had stated that appellant was not sincere. These two statements had not originally been considered by the Local Board and appellant had not been apprised of their contents.

Thereafter, in September of 1954, appellant was again classified 1–A by the Local Board. A hearing was granted him on October 11, 1954, at which time he claimed exemption both as a minister and as a conscientious objector, stating that he had become a pioneer minister on September 1, 1954. [Later, however, he conceded that he had ceased being a pioneer minister at the end of October 1954, asserting that he had to do so to earn a secular income.] The Local Board declined to disturb its 1–A classification, and appellant took his case to the Appeal Board. The latter, as before, submitted the file to the Justice Department for recommendation, and again its hearing officer recommended that the conscientious objector claim be denied for lack of sincerity. The Department approved the recommendation and so advised the Appeal Board. Appellant's 1–A classification was continued. As already stated appellant refused induction, was again indicted, and this time was convicted.

His contention here is that the Appeal Board's denial to him of a conscientious objector status, and the recommendation by the Department of Justice of such action, were without basis in fact or law. He appears to concede that there was a factual basis for denying him the 4–D classification (that of a minister or student preparing for the ministry). He rests his case chiefly on Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132.

██ The Dickinson case is not in point. The subject considered there was the claim of exemption as a *minister*, not as a conscientious objector. The distinction between these situations has been clearly developed in the recent case of Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 396, 99 L.Ed. 428. There the Court, 348 U.S. at page 381, 75 S.Ct. at page 396 of its opinion, observed that in Dickinson "the registrant made out his prima facie case by means of objective facts—he was a 'regular or duly ordained minister of religion.' Here the registrant cannot make out a prima facie case from objective facts alone, because the ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form. In these cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question. In conscientious objector cases, therefore, any fact which casts doubt on the veracity of the registrant is relevant. It is 'affirmative evidence * * * that a

registrant has not painted a complete or accurate picture * * *.' Dickinson v. United States, supra, 346 U.S. at page 396, 74 S.Ct. at page 157." In conclusion the Court in Witmer observed (348 U.S. at page 383, 75 S.Ct. at page 396) that "with due regard for the policy of Congress, which was to make review within the Selective Service System final in all cases where there was conflicting evidence or where two inferences could be drawn from the same testimony, we cannot hold that petitioner was wrongfully denied the conscientious objector classification."

The judgment is affirmed.