**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael Porter LEAVY, Defendant-Appellant.**

**No. 23756.**

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1970.

Certiorari Denied May 4, 1970.
See 90 S.Ct. 1524.

---

**1156**

William L. Hanson (argued), Charles W. Talbot (argued), of Talbot, Smith & Stone, Seattle, Wash., for appellant.

William H. Rubidge (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, CARTER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Michael Leavy was convicted of wilfully refusing induction into the Armed Forces in violation of 50 U.S.C.App. § 462 and 32 C.F.R. 1632.14. The principal issue, as in most draft cases, is the validity of the induction order. We affirm.

On November 29, 1965, Leavy submitted to his local board Selective Service Form 150, Request for Conscientious Objector Status. His request was denied after a hearing before the local board and he was placed in class I–A.

The appeal board referred the matter to the Justice Department, following the now-superseded procedure, *see* United States v. Haughton, 413 F.2d 736 (9th Cir.1969), but elected to continue Leavy in class I–A after receiving an unfavorable recommendation from the Chief of the Conscientious Objector Section. Ordered to report for induction on June 7, 1967, and again on January 9, 1968, Leavy failed to cooperate with induction center personnel and was not inducted. This prosecution involves his failure to appear at the induction center on May 21, 1968, in response to a third order to report. He alleged illness, but a jury found this a sham. Legal issues were tried to the court.

Leavy argues that the induction order was invalid because there was no basis in fact for the denial of conscientious objector status. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). But the critical issue in conscientious objector cases is whether the registrant is sincere in his objection to participation in war. Bishop v. United States, 412 F.2d 1064, 1066 (9th Cir. 1969). And there was ample evidence before the appeal board to call Leavy's sincerity into question.

The F.B.I. reports submitted to the Justice Department indicate that his high school teachers did not believe he could be sincere in making a claim of conscientious objection, and that he had lied to police officers in connection with an arrest for drunken driving and discharge of firearms. Leavy did not challenge these findings before the Justice Department hearing officer, though he was given an opportunity to do so.

Nor did he introduce any independent evidence of his sincerity, apart from a letter from his elementary school principal to the effect that he had been conscientious, industrious and unassuming during the years she knew him. The hearing officer thought Leavy was evasive in answering pertinent questions.

But whatever the grounds of the appeals board decision, it is said that the evidence summarized above was not before the local board when Leavy was initially classified I–A. And it is true that in denying Leavy's claim of conscientious objection, the local board appears to have had before it only Leavy's written statement of beliefs. We may assume without deciding that these beliefs, if sincerely held, were sufficient to bring Leavy within the rule of United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

Relying on these facts, Leavy contends that there was no basis in fact for the local board's classification. He adds that the denial of conscientious objector status was no isolated incident, since the board "customarily and as a matter of openly stated policy rejected all applica-

tions for I–O." We think neither argument may now be raised.

■ As to the first, review by the appeals board of a registrant's classification is *de novo*. 32 C.F.R. § 1626.-26(a). And while a local board's failure to comply with prescribed procedural rules, if prejudicial to the registrant, Oshatz v. United States, 404 F.2d 9 (9th Cir.1968), will invalidate a subsequent classification on appeal, Knox v. United States, 200 F.2d 398 (9th Cir.1952), nevertheless the rule in this circuit is that a substantive error by the local board may be superseded by the *de novo* action of the appeals board, Bishop v. United States, 412 F.2d 1064 (9th Cir.1969); Tomlinson v. United States, 216 F.2d 12 (9th Cir.1954), when there is reason to believe that the local board's error was cured by *de novo* review on appeal. United States v. Atherton (9th Cir. 1970); Tyrrell v. United States, 200 F. 2d 8 (9th Cir.1952); *cf.* United States v. Chodorski, 240 F.2d 590 (7th Cir. 1956).

Our rule reflects the principle that although "full and fair compliance" by local boards with procedural regulations is required, United States v. Zieber, 161 F.2d 90 (3d Cir.1947), the scope of judicial review in substantive matters is "the narrowest known to the law." Blalock v. United States, 247 F.2d 615 (4th Cir.1957). It follows, too, from the relatively greater competence of appeals boards in passing on factual matters, as opposed to the superiority of courts in construing statutes and regulations. *Cf.* McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Oesterreich v. Selective Service Board, 393 U.S. 233, 239, 89 S.Ct. 414, 21 L.Ed. 2d 402 (opinion of Harlan, J.).

■ Here the defect alleged in the local board proceedings was the lack of evidence of Leavy's insincerity—evidence which was ample before the appeals board. Hence in the circumstances of this case the decision of the local board, even if it lacked a basis in fact, was rendered valid by the independent action of the appeals board.

■ As to the second contention, we need not decide whether the supposed policy of the local board denying all conscientious objection claims would amount to the denial of a hearing and consequently to a violation of proper procedures, though we assume *arguendo* that it would. For from a barren record we will presume no such dereliction of duty by an administrative agency.

Nor did Leavy introduce any evidence to offset the presumption of regularity. True, at one point in the trial his counsel evinced an intention to take testimony on the subject. But counsel failed to do so, not because the district court prevented them, nor because any proffered evidence was excluded, but—we must assume—because no such evidence was available. Despite Leavy's contention to the contrary, we are not bound to take as true what in this condition of the record is but an unsupported allegation.

■ The same is true of the contention that the local and appeals boards were unrepresentatively composed. Even were there merit to Leavy's analogy to the jury discrimination cases, *see* Clay v. United States, 397 F.2d 901 (5th Cir.1968), we would require a showing in the record as to both the composition of the boards and the resultant prejudice to Leavy. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Briggs v. United States, 397 F.2d 370 (9th Cir.1968). No such showing was made.

■ Evidence of Leavy's past conduct at the induction center was properly allowed to go to the jury on the issue of wilfulness, accompanied by a careful limiting instruction from the district court. Pardo v. United States, 369 F.2d 922 (5th Cir.1966); Silverman v. United States, 220 F.2d 36 (8th Cir.1955).

Leavy's other arguments, a gallimaufry of claims based on the absence of a declaration of war, the Treaty of London, the Charters of Nuremberg and of the United Nations, and the Fifth, Sixth, and Thirteenth Amendments, are either premature, without merit, or fore-

closed to us. *Selective Draft Law Cases* (Arver v. United States) 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918); Rusk v. United States, 419 F.2d 133 (9th Cir., Nov. 28, 1969); United States v. Mitchell, 369 F.2d 323 (2d Cir.1966); United States v. Bolton, 192 F.2d 805 (2d Cir. 1951).

Affirmed.