**UNITED STATES of America,
Appellee,**

v.

**Alfred Loren WALLACE, Appellant.**

**No. 25506.**

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1970.

Rehearing Denied Dec. 17, 1970.

Michael Thomas (argued), Atty., San Francisco, Cal., for appellant.

Richard V. Boulger, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Fresno, Cal., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and JAMESON,* Senior District Judge.

JAMES M. CARTER, Circuit Judge.

Wallace was indicted and convicted on a charge of violation of 50 U.S.C. App. § 462, failure to report for induction into military service. He urges on appeal that his induction order was invalid because of various substantive and procedural errors committed by his local selective service board. The government does not attempt to support the action of the local board, but contends the classification of Wallace by the appeal board was proper and controlling. We affirm.

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

## 1. *Factual Summary.*

Wallace registered for the draft on July 20, 1960. He was deferred as a student (Class II–S) while receiving his undergraduate and graduate education. In February 1966, Wallace informed his local board that he had accepted a teaching position with the University of Illinois and requested an occupational deferment (Class II–A). The university submitted letters in Wallace's behalf, urging that he be deferred because of the shortage of college teachers.

Wallace had filed his classification questionnaire [SS No. 100] on May 9, 1963. He did not sign Series VIII contained therein and made no claim as a conscientious objector. In June 1966, Wallace filed a form 150 requesting deferment as a conscientious objector (Class I–O). In October 1966, the local board granted Wallace an occupational deferment until June 1967.

In May 1967, the university requested that the local board continue Wallace's occupational deferment because of the school's "urgent need" for his services. On June 12, 1967, the local board classified Wallace I–A, without stating its reasons for denying his requests for I–O and II–A deferments. The university appealed the board's decision on June 27.

 On July 13, Wallace appealed by a letter to the local board, stating, "I hereby request [the Board] to schedule a hearing at which I *may appear to appeal* your recent classification of me as I–A. *I am appealing* for the I–O CLAS-

SIFICATION BECAUSE · * * * and for the 2–A classification because * * * ". [Emphasis added.] On July 17, the local board reviewed, refused to reopen, and ordered Wallace's file forwarded to the state appeal board. No hearing or personal appearance was granted by the local board.[1]

Thereafter, additional letters requesting Wallace's deferment were filed by the university. On October 17, 1967, Wallace sent a letter to the local board "rejecting" any and all procedural rights that he might be entitled to, and withdrawing all "requests or appeals" that he had previously made. On January 23, 1968, the state appeal board considered the university's appeal, but continued Wallace's I–A classification without stating the bases for its determination. Wallace was ordered to report for induction, but refused and did not report at the appointed time.

## 2. *Improperly Constituted Panel.*

 Wallace argues that his classification by Panel A of Local Board 68 was prejudicial because the panel was not properly constituted in accordance with selective service regulations. More specifically, 32 C.F.R. § 1604.52(c) provides in pertinent part:

"The members of local boards shall be citizens of the United States who shall be residents of a county in which their local board has jurisdiction and who shall also, *if at all practicable,* be residents of the area in which their

1. Ordinarily, the failure of a local board to grant a personal appearance when requested is procedural error not cured by classification on appeal. Ayers v. United States (9 Cir. 1957) 240 F.2d 802; Franks v. United States (9 Cir. 1954) 216 F.2d 266–270; Cf. United States v. Leavy (9 Cir. 1970) 422 F.2d 1155, 1157. Appellant did not raise this question below by his formal motion to dismiss, but made passing reference to it in his trial court brief. In this court he again makes passing reference to the matter in his briefs.

However, in this case the appellant by his letter of October 16, 1967, referred to hereafter in the opinion, expressly withdrew all requests and appeals that he had made. Appellant had a college degree and graduate work, and was a teacher in a university. He must be held to have known the consequences of his act. This facet of the case distinguishes it from the cases cited above, in none of which was a request for a personal appearance withdrawn.

local board has jurisdiction." [1a] [Emphasis added.]

The district court 310 F.Supp. 961 found that at the time of Wallace's classification, two of the three members of Panel A lived in areas outside the boundaries designated for that panel's jurisdiction. Panel A had exclusive jurisdiction over Wallace for the purpose of classification. 32 C.F.R. § 1604.52a.

The aforementioned regulations were promulgated pursuant to 50 U.S.C. App. § 460(b) (3), which authorizes the President to establish local selective service boards for each county or political subdivision, and provides that "each member of any local board shall be a civilian who is a citizen of the United States residing in the county or political subdivision corresponding thereto in which such local board has jurisdiction." The language of the regulation, to wit, "if at all practicable," is directory and not mandatory. United States v. Reeb (9 Cir. 10/27/70) 433 F.2d 381; Czepil v. Hershey (7 Cir.1970) 425 F.2d 251, cert. denied 10/12/70; 400 U.S. 849, 91 S.Ct. 44, 27 L.Ed.2d 87; United States v. Chaudron (8 Cir.1970) 425 F.2d 605. But see United States v. Cabbage (6 Cir. 7/31/70) 430 F.2d 1037.

We follow United States v. Reeb, supra, and the decisions above in Czepil v. Hershey and United States v. Chaudron.

*3. Bias and Prejudice.*

■ Wallace asserted in the trial court and asserts here, that the chairman of Panel A, Mr. Harnish, was biased and, by his influence, infected the classification decision of the entire panel. The alleged bias was developed at the trial and is based on Harnish's belief that Wallace had "welshed" on an agreement with the government by not submitting to I–A classification and induction after having enjoyed a year of occupational deferment. Mr. Harnish testified that it was the panel's practice to allow an occupational deferment to a teacher for one year only. None of this material was in the selective service file.

A school teacher, as any other applicant, is entitled to an occupational deferment if he satisfies the requirements set forth in 32 C.F.R. § 1622.23.[2] Mr. Harnish's additional one year limitation is without basis in the law. Any resulting bias or prejudice, however, may be cured by *de novo* review by the state appeal board if "* * * it appears from the nature of the deficiency or from other circumstances in the record * * * that the defect in local board proceedings was in fact cured by appellate reclassification." United States v. Atherton, (9 Cir.1970) 430 F.2d 741.

The bias, if any, that was present in the local board proceedings was not in the record reviewed by the appeal board. In reviewing Wallace's deferment request, the appeal board considered only the information in his file. There is nothing in the record to suggest that the local board may have influenced the appeal board's decision. *See e.g.* United States v. Peebles (7 Cir.1955) 220 F.2d 114. Thus, on these facts, the *de novo* proceeding by the appeal board cured any bias at the local board level.

*4. Denial of II–A Classification.*

Wallace was attempting to continue an occupational deferment that was about

1a. The regulation was applicable at the time of the events in this case. However on Sept. 2, 1970, it was amended so that now the only geographical requirement is that the members of local boards reside in the county served by the board. See Executive Order 11555, 35 Fed.Reg. No.175, page 14191 (9/2/70).

2. On April 23, 1970, President Nixon issued executive order No. 11527, which announced that after that date no further occupational deferments would be granted. In the opinion of the National Security Council and the Director of Selective Service, *no* occupations are now critical or essential to the country as defined by 32 C.F.R. § 1622.22. The order provides, however, that any registrant who has been granted or has made written application for a II–A deferment will be permitted such so long as he continues to satisfy the requirements of the previous regulations. *See* Selective Service Operations Bulletin No. 337; Local Board Memorandum No. 105.

to expire. Various university officials submitted letters to the local and state appeal board urging Wallace's deferment.[3]

■ The local board was patently incorrect in its application of a one year limitation on the availability of a II–A deferment. Errors regarding the substantive law, however, can be cured in certain circumstances by appeal board reclassification. United States v. Verbeek (9 Cir.1970) 423 F.2d 667, 668. The record supports the conclusion that the appeal board was not aware of and did not adopt the improper standard applied by the local board. On the facts here presented, we find that the *de novo* reclassification on appeal cured the local board error. United States v. Atherton, (9 Cir.1970) 430 F.2d 741.

■ The appeal board did not specify its reasons for denying Wallace's request for a II–A deferment.[4] Even when the appeal board fails to specify its reasons for denying a deferment, the appellate reclassification will cure local board error if it can be reasonably inferred from the circumstances that the standard applied on appeal differed from that applied by the local board. *Atherton,* supra, 430 F.2d at 744. As previously stated, the appeal board here was not aware of the additional limitation placed on II–A deferments by the one member of the local board and, therefore, could not have denied the deferment on that basis.

■ Also, adopting the rationale of United States v. Haughton (9 Cir.1969) 413 F.2d 736, 739, we hold that the appeal board's failure to state its reasons for denying a deferment will not render the review defective *if* the registrant has not "met the statutory criteria," Parrott v. United States (9 Cir.1966), 370 F.2d 388, or has not placed himself "prima facie within the statutory exemption," Dickinson v. United States, 346 U.S. 389, 397, 74 S.Ct. 152, 158, 98 L.Ed. 132 (1953). *See, also* United States v. Lloyd, (9 Cir.1970), 431 F.2d 160.

The selective service regulations set forth rigorous conditions for obtaining an occupational deferment.[5] Recent de-

---

3. Letter from Assistant Chancellor to local board (May 22, 1967):
 "Every quarter continues to bring an increase in enrollment of students and we are in urgent need of Mr. Wallace's services. The supply of teachers in German at the college level is very short and if we lose Mr. Wallace, it will be difficult to replace him and it may be impossible."
 Letter from Assistant Chancellor to local board (June 27, 1967):
 "[Wallace's] removal from the teaching staff at this time would seriously affect the department's offerings next year."
 Letter from Acting Dean to local board (June 28, 1967):
 "Since teaching personnel at the college level continues to be in short supply, it would be difficult to replace [Wallace] before the end of the next academic year."
 Letter from Department Head to local board (Sept. 26, 1967):
 "[Wallace's] removal at this point would be a great hardship, not only for our department which would have difficulties in finding a replacement for him at this late date, but also for the students, who might well have to put up with inferior instruction and considerable delay."

4. This case is not controlled by Shepherd v. United States (9 Cir. 1954) 217 F.2d 942, or United States v. Jakobson (2 Cir. 1963) 325 F.2d 409. In those cases, the record before the appeal board contained expressions of two independent legal theories for denying registrant's deferment request. One of the theories was correct, the other incorrect. When the appeal board failed to state the basis for its denial of the deferment, the court held that it could not determine whether the proper or improper theory had been adopted and therefore, reversed. In this case, the record before the appeal board contained no statement of the legal theory employed by the local board in denying the deferment.

5. Selective Service regulation 1622.22(a) provides:
 "[I]n Class II-A shall be placed any registrant whose employment in industry, or other occupation or employment, * * * is found to be necessary to the

cisions of this circuit have unequivocally held that the registrant must establish that *all* of these conditions have been satisfied. United States v. Kanner (9 Cir.1969) 416 F.2d 522, 525; United States v. Weersing (9 Cir.1969) 415 F. 2d 130, 133. Petrie v. United States (9 Cir.1969 in banc), 407 F.2d 267, in considering a II-A claim, stated "Clearly, there was basis in fact for a determination that Petrie did not make a prima facie showing as to the second of the enumerated conditions, namely, that he could not be replaced as a flight instructor." [p. 276].

Wallace did not establish that he could not be replaced (32 C.F.R. § 1622.23(a) (2) ). Assertions that finding a replacement will be "difficult" or "may be impossible" are not sufficient. Thus, Wallace failed to establish at least one of the requisite conditions for deferment in Class II-A.

██ We find that there was a basis in fact for the appeal board to deny the occupational deferment request. The local board's apparent generosity in granting Wallace an occupational deferment for the previous year does not give rise to vested rights in the continuation of that deferment.

### 5. *Denial of I–O Classification.*

While awaiting the local board's decision on his occupational deferment request, Wallace filed an application for exemption as a conscientious objector (Class I–O). The local board denied his I–O request without stating its reasons therefor. Wallace appealed to the state appeal board, but later withdrew his appeal. The state appeal board continued Wallace in Class I–A.

██ It appears that Wallace established a prima facie case for I–O classification at the local board level. United States v. Seeger, 380 U.S. 163, 184–185, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Nevertheless, *sincerity* is the touchstone of a valid conscientious objector claim, Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Bishop v. United States (9 Cir.1969) 412 F.2d 1064, 1066, and Wallace's letter of October 16, 1967 could reasonably be interpreted as manifesting indicia of insincerity. We quote from that letter:

> "But it finally happened that even though I had been a faithful lackey for a long while, I was to be put into 'service'. The shock at first prompted me to try all the harder at appeasement—ask for this or that deferment or classification—plead injury to my conscience—roll over and beg—whatever it might take. Now I see how revolting compliance can be."

The appeal board was entitled to consider this new evidence on review. We find that there was a basis in fact for a finding of insincerity and the denial of I–O classification. *See, e.g.,* Bradley v. United States (9 Cir.1954) 218 F.2d 657, 661.

The appeal board failed to state its reasons for denying Wallace a I–O deferment. One obvious explanation would be that the appeal board failed to grant the I–O request because Wallace had previously withdrawn his appeal by his letter of October 16, 1967. We again quote from that letter:

> "I hereby reject any and all procedural 'rights' or favors that I may have before the board, and further I

maintenance of the national health, safety, or interest."
More specific criteria are set forth in regulation 1622.23(a) :
"[A] registrant's employment in industry or other occupation * * * shall be considered to be necessary to the maintenance of the national health, safety, or interest only when all of the following conditions exist :

(1) The registrant is, or but for a seasonal or temporary interruption would be, engaged in such activity.
(2) The registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity.
(3) The removal of the registrant would cause a material loss of effectiveness in such activity."

**18**

withdraw all the requests or appeals that I have ever made."

██ The failure of the appeal board to state reasons for denying the exemption did not invalidate the review because the appeal board had received "fresh and powerful evidence" germane to the issue of sincerity upon which to base its decision. United States v. Verbeek (9 Cir.1970) 423 F.2d 667, 668. There was ample basis in fact to support the denial of the exemption.

6. *Validity of Induction Order.*

██ Wallace asserts that his induction order was invalid because the entire local board did not meet to order his induction. Decisions of this circuit have firmly established that, if the board has classified the registrant I–A, the actual issuance of the induction order is a ministerial act that may be performed by a clerk. United States v. Smith, (9 Cir.1970), 423 F.2d 559; United States v. Weaver (9 Cir. 1969) 423 F.2d 1126; United States v. Bowen (9 Cir.1969) 423 F.2d 266; United States v. Baker (9 Cir.1969) 416 F.2d 202. Wallace urges that these cases are distinguishable because here a *panel,* not the entire board, made the classification decision. The important factor, however, is that the panel was authorized by the selective service regulations to perform the classification function of the board. 32 C.F.R. § 1604.52a. The fact that the classification decision was made by a panel rather than the entire board does not affect the ministerial nature of the subsequent issuance of induction orders.

██ Wallace also urges that his induction order was invalid because it was signed by a clerk who had not been duly authorized by the board to sign official papers as required by the regulations (32 C.F.R. § 1604.59). This court was presented with the same alleged defect in United States v. Doran (9 Cir.1969) 418 F.2d 1226. In *Doran,* the court held:

"Assuming that no such [authorization] resolution was adopted, the board completed its 'critical exercise of administrative judgment' (Brede v. United States, 400 F.2d 599, 600 (9th Cir.1968) ) by placing the defendant in Class I–A and the defendant suffered no prejudice 'by the board's disregard of a directory administrative detail in the performance of its duties.' " [citing authorities.]

Similarly, Wallace has shown no prejudice from this his administrative defect.

The judgment is affirmed.