**UNITED STATES of America,**
**Appellee,**

v.

**Gregory Drew HARRIS, Appellant.**

**No. 25172.**

United States Court of Appeals,
Ninth Circuit.

Dec. 28, 1970.

T. Roger Duncan (argued), Los Angeles, Cal., for appellant.

David Fox (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal. for appellee.

Before ELY, KILKENNY, and TRASK, Circuit Judges.

ELY, Circuit Judge:

Harris was convicted of having violated 50 U.S.C. App. § 462, in that on August 6, 1968, he failed to comply with an Order to report for induction into the armed forces. He concedes the technical violation but urges error both in the course of his trial and in the processing of his selective service file by his local Selective Service Board. We affirm.

Harris first contends that the district judge, before whom he was tried without a jury, improperly denied his oral motion for a continuance. The motion in question was made for the alleged purpose of securing the attendance of witnesses.[1] It was made, for the first time, when the case was called, as previously scheduled, for trial. The motion was denied and the trial proceeded.

■ In making his first contention, Harris assumes a heavy burden, as the discretion of the trial judge in the disposition of a motion for continuance is rightly broad. See Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Daut v. United States, 405 F.2d 312 (9th Cir. 1968). A continuance sought to obtain witnesses is appropriately denied if due diligence has not been exercised to compel their attendance (Leino v. United States, 338 F.2d 154 (10th Cir. 1964)), or if there is no adequate showing that substantial favoring evidence would be discovered (McFee v. United States, 206 F.2d 872 (9th Cir. 1953), cert. denied, 347 U.S. 927, 74

S.Ct. 528, 98 L.Ed. 1079, vacated, 347 U.S. 1007, 74 S.Ct. 862, 98 L.Ed. 1132 (1954), vacated, 348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710 (1955)), or if no prejudice is shown to have resulted from the court's ruling. (Cf. Baker v. United States, 393 F.2d 604 (9th Cir.), cert. denied, 393 U.S. 836, 89 S.Ct. 110, 21 L.Ed.2d 106 (1969)).

■ In the present case, Harris made no effort to employ the discovery machinery of Rule 16, Fed.R.Crim.P., submitted no written motion, and no supporting affidavits. Furthermore, one of the witnesses sought, the Chairman of the Local Board, actually did testify and another, a member of Harris' Appeals Board, was available but was not called by the defense. From the record, we see no reason to believe that the testimony of the other witnesses sought would have added anything of significance to that of the witness who did testify.[2] We are therefore not persuaded that the trial judge abused the discretion with which he is vested. Cf. United States v. Wheeler, 434 F.2d 1195 (9th Cir. 1970).

It is next urged that the Board erred in its handling of the selective service file. Harris was mailed an induction order on April 22, 1966. On April 26, 1966, he requested a conscientious objector questionnaire (SSS Form 150), and the Board postponed his induction for the purpose of considering his claim. On May 24, 1966, the Board voted unanimously not to reopen the classification, and on June 23, 1966, his induction order was renewed.

■■ Harris argues that the Board's refusal to reopen was incorrect on the merits. He also claims that the number of cases considered on May 24, 1966,

1. Harris had subpoenaed, by name, all the members of his Local Board and of his Appeals Board. Service was not made prior to trial, and Harris' attorney orally represented that he had been unable to ascertain the addresses of the subpoenaed individuals during the previous month.

2. From the oral comments made by defense counsel in connection with his late motion

for continuance, it is difficult to perceive the precise nature of the testimony which he hoped to elicit. Apparently, it was his hope, by examining the witnesses, to support the proposition that Harris' file had not been given adequate attention. He made no representation that any of the witnesses, if produced, would reveal any specific factual information favorable to his client.

(stipulated to have been 550) precluded the Board from devoting sufficient time to his claim to satisfy due process and equal protection requirements. In the circumstances, however, we need not reach these contentions. On July 14, 1966, the induction order was canceled, and on July 20, 1966, Harris was again classified I–A. This new classification rendered harmless whatever irregularity, if any, which may have occurred in connection with prior classifications. Evans v. United States, 252 F.2d 509 (9th Cir. 1958). We do not review actions of the Selective Service system which have not substantially prejudiced a registrant. Olguin v. United States, 392 F.2d 329 (10th Cir. 1968). Here, Harris' right to a personal appearance and his right to an appeal were restored when the new classification was made. Thus, the July 20th decision restored to Harris all of the procedural remedies of which he may have been temporarily deprived on May 24th.

■ Harris' final contention is that the July 20th classification was a sham, in that the Board did not consider the conscientious objector claim itself, but merely "passed the buck" to the Appeals Board. There is nothing, except Harris' speculation, to substantiate this claim. Absent any proof to the contrary, we are required to assume that a Board, in making a classification decision, has considered all pertinent material in a registrant's file. See Skinner v.

United States, 215 F.2d 767 (9th Cir.), cert. denied, 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 763, rehearing denied, 349 U.S. 924, 75 S.Ct. 659, 99 L.Ed. 1256 (1954). See also Lewis v. United States, 279 U.S. 63, 49 S.Ct. 257, 73 L.Ed. 615 (1928); Greer v. United States, 378 F.2d 931 (5th Cir. 1967); Clark v. United States, 236 F.2d 13 (9th Cir. 1956). Harris attempts to make much of the fact that the Board, after classifying him, immediately forwarded his file to the Appeals Board. We attach no significance to this. It is not relevant to the issue of the Board's consideration of the conscientious objector claim, and it did not prejudice Harris' procedural rights with respect to a personal appearance or the consideration of his delayed conscientious objector claim de novo by his Appeals Board.[3] United States v. Leavy, 422 F.2d 1155 (9th Cir. 1970); Bishop v. United States, 412 F.2d 1064 (9th Cir. 1969).

■ In conclusion, we note that Harris, in a letter dated July 11, 1966, apparently requested his Local Board to grant him a personal appearance.[4] However, as this request preceded his reclassification, it was untimely when made. Since Harris did not renew the request after he was reclassified, he is in no position to claim that the lack of an appearance constitutes a prejudicial irregularity attributable to the Board.

Affirmed.

3. The failure of the Appeals Board to state its reasons for denying Harris a I-O classification does not require reversal under United States v. Haughton, 413 F.2d 736 (9th Cir. 1969), or United States v. Atherton, 430 F.2d 741 (9th Cir. 1970), inasmuch as the Justice Department investigation, on which the Appeals Board may be assumed to have relied, unearthed "fresh and powerful

evidence" from which an inference of insincerity might justifiably have been drawn. United States v. Verbeek, 423 F.2d 667, 668 (9th Cir. 1970). See also United States v. Wallace, 435 F.2d 12 (9th Cir. 1970).

4. "So if you don't retaliate [sic] my induction before July 19, 1966, which is my induction date, I would request a hearing before the locale [sic] board."