**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary Richard TIGERMAN, Defendant-Appellant.**

**No. 71–1576.**

United States Court of Appeals, Ninth Circuit.

Oct. 13, 1971.

Rehearing Denied Feb. 2, 1972.

Merrill, Circuit Judge, dissented and filed opinion.

J. B. Tietz (argued), Los Angeles, Cal., for defendant-appellant.

John M. Newman, Jr. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and CHOY, Circuit Judges, and POWELL,* District Judge.

PER CURIAM:

Appellant, Gary Richard Tigerman, appeals from a judgment finding him guilty of violation of 50 U.S.C.App. § 462. Appellant attacks his conviction on three grounds: (1) That there was no basis in fact for the local selective service board's finding that he was insincere

* Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

in his conscientious objector claim; (2) That the board acted improperly in refusing to allow witnesses to appear in his behalf; and (3) That the induction order was improperly signed by a member of a panel other than the one to which his classification had been assigned.

Appellant registered on January 11, 1966, indicating his occupation to be a student. Appellant's completed classification questionnaire was received by the local board on March 22, 1966; he made no claim of conscientious objector status in the space provided (Series VIII, SSS Form 100). Appellant did state on the questionnaire that he had previously attempted to enlist in the Air Force but was found to have been underweight.

Appellant, on March 10, 1967, filed with the board SSS Form 150, Special Form for Conscientious Objector, wherein he asserted a belief in a Supreme Being; appellant related his general Christian Science upbringing, including the teachings and guidance of his parents and certain writings, as being most influential in the crystallization of his beliefs, noting a nearly lifelong abhorrence of fighting and violence.[1] In a personal interview before the local board on May 10, 1967, appellant stated that he had held his nonviolent views for approximately six months, but later admitted his probable support of the defense of life and property.

In a subsequent appearance before the board appellant indicated a general retraction of statements he thought damaging to his conscientious objector claim made in the previous interview. His I–A classification remained unchanged. On August 30, 1967, appellant was ordered to report for his pre-induction physical; he reported and was found to be fully acceptable for induction into the Armed Forces. Thereafter, appellant failed to report for induction as ordered.

During the ensuing twenty-eight months appellant failed to comply with another order to report, was granted another personal interview, and submitted additional materials and information in support of his conscientious objector claim. At this third interview the local board did not listen to witnesses who were brought to testify in appellant's behalf, two of whom had previously submitted letters generally vouching for his credibility. The local board reopened appellant's classification on February 11, 1970. On May 13, 1970, appellant appeared in person before the board for the fourth time, the result of which was a unanimous finding of insincerity.[2] Appellant, for the third time, was ordered to report for induction but he again refused. The present prosecution and conviction followed.

 The test in determining whether one's belief sufficiently entitles him to a conscientious objector exemption is whether it is sincere and meaningful. United States v. Seeger, 380 U. S. 163, 176, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). If the registrant's opposition to all war stems from beliefs held with the strength of traditional religious convictions the sincerity test is satisfied. Welsh v. United States, 398 U.S. 333,

---

1. "[E]ven as a child I never provoked fights, responded to provocation, or tolerated fighting in my company." Selective Service File, Plaintiff's Exh. 1, Pa. 26.

2. The brief summary of appellant's personal appearance before the board on May 13, 1970, indicates that he was principally opposed to violence; though afforded the opportunity to fully expound his views appellant appears to have regarded the proceedings lightly, at one point laughingly stating that his vision was rather short. He again alluded to his religious upbring-ing, and as further evidence of his sincerity boasted of his participation in protest marches and anticipated presentation of a musical play, the theme of which would similarly be a war protest. The interview was flavored with appellant's ultimatum that he would refuse induction regardless of the board's determination. The board concluded that the appellant, in his deportment, appeared to be engaged in a game of wits, and that he was "not sincere." Selective Service File, Plaintiff's Exh. 1, Pa. 107–8.

339–340, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). Denial of conscientious objector status is, however, justified upon a finding either that the registrant does not in fact believe his outward manifestations or that such belief is not "deeply held." United States v. Coffey, 429 F. 2d 401, 405 (9th Cir. 1970). This Court, in the *Coffey*, decision, *supra*, stated:

> "The local board might have based such a determination, for example, upon prior statements or actions * * * inconsistent with his stated beliefs." 429 F.2d at 405.

■■ Appellant seems to argue that he became absolutely entitled to a conscientious objector classification merely upon the presentation of evidence in support of his claims; *i. e.*, on presentation of a prima facie case the board virtually was without power to cast doubt on his veracity. The law is otherwise. Citing Witmer v. United States, 348 U. S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955), this Court less than a year ago, in United States v. Kember, 437 F.2d 534, 536 (9th Cir. 1970), held:

> "A registrant's sincerity in professing beliefs which, prima facie, entitle him to conscientious objector status, is always open to inquiry and, if insincerity is found, rejection of the claimed exemption is appropriate."

Any fact which casts a doubt on the sincerity of the registrant's religious convictions is relevant to support the denial of conscientious objector status. Maynard v. United States, 409 F.2d 505, 506 (9th Cir. 1969); Selby v. United States, 250 F.2d 666 (9th Cir. 1957). And the board's action is entitled to the support of any inference of sham or insincerity on the part of the registrant which it could have drawn validly and fairly from the record. Bradley v. United States, 218 F.2d 657, 661 (9th Cir. 1954).

Here the record fully supports the board's finding of insincerity. Appellant repeatedly traced the origin of his beliefs to his religious upbringing, but at one point stated that his objection to violence was of only six months' duration. Recognizing the paradox, he later stated: "Suddenly, the seeds of religious education that were laying largely dormant burst and grew in meaning." [3]

■ Next appellant contends that the local board improperly declined to hear the testimony of his corroborative witnesses. 32 C.F.R. § 1625.1(b) explicitly limits any rights of appearance before the board to the registrant. United States v. Evans, 425 F.2d 302 (9th Cir. 1970), which upheld the regulation in denying the appearance of witnesses, controls. *See also*, United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417 (1953); Uffelman v. United States, 230 F.2d 297 (9th Cir. 1956).

■ Lastly, appellant seeks to elevate to a denial of due process the fact that his induction order was signed by a member of the local board who was not on the panel to which his classification had been assigned. 32 C.F.R. § 1632.1, which deals with the order to report, is silent on the matter of signing. This Court has repeatedly held that an induction order signed by a clerk is valid. United States v. Wallace, 435 F.2d 12 (9th Cir. 1970); United States v. Doran, 418 F.2d 1226 (9th Cir. 1970); United States v. Baker, 416 F.2d 202 (9th Cir. 1969). The record is barren of any indication that the signing member took part in or made any ruling on appellant's classification. If indeed this can be regarded as an administrative defect, appellant has shown no prejudice. Certainly the mere act of signing, a purely ministerial function, in itself is insufficient to be accorded constitutional significance.

Affirmed.

MERRILL, Circuit Judge (dissenting):

Unlike my brothers, I do not find in this record any inconsistencies in state-

---

3. Selective Service File, Plaintiff's Exh. 1, Pa. 83.

ments made by appellant which relevantly bear on the question of insincerity, nor any other basis for a determination of insincerity sufficient under Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953).

Accordingly, I would reverse.