29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale Ernest DENOYER, Defendant-Appellant
 No. 93-50713.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided July 21, 1994.
 
 1
 Before: REINHARDT and NOONAN, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Dale Denoyer, an inmate in the United States Penitentiary at Lompoc, California, appeals his conviction for possession of a knife in a correctional facility. See 18 U.S.C. Sec. 1971. Denoyer raises several challenges to his conviction. Because we find no reversible error in the district court's rulings, we affirm.
 
 I.
 
 4
 Denoyer argues that the district court erred in refusing to suppress two of his statements: (1) his statement in the prison business office that he possessed the knife because he "just wanted to have it"; and (2) his statement two days later to an FBI agent that he was "not going to kill anybody with the knife" and he was "not having any problems with any inmates or staff." We conclude that the district court acted properly, at least in admitting Denoyer's statement to the FBI agent.
 
 
 5
 Denoyer claims that FBI Special Agent Payne continued asking him questions after he invoked his right to counsel, in violation of Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). However, the district court found that Denoyer made the disputed statements spontaneously and voluntarily, in the same breath as he requested counsel. We discern no clear error in this finding.
 
 
 6
 Although Denoyer sought a continuance to secure the testimony of his former cellmate, who, he claimed, would contradict Payne's version of events, we conclude that the district court did not abuse its discretion in denying the request. Denoyer failed to demonstrate that his counsel had made diligent efforts to secure the testimony. See United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1051 (9th Cir.1990); United States v. Harris, 436 F.2d 775, 776 (9th Cir.1970). Defense counsel learned of the witness from the defendant several days before the suppression hearing. However, counsel went out of town a day later and did nothing to secure the witness' attendance before asking for the continuance at the hearing. Furthermore, we conclude that Denoyer has failed to demonstrate that the district court committed clear error in finding his witness's proffered testimony to be inherently incredible. He therefore cannot show prejudice from the denial of the continuance.
 
 
 7
 Accordingly, we conclude that the district court did not err in admitting Denoyer's statement to the FBI agent. In light of this conclusion, we need not decide whether the admission of the statement made in the business office constituted an error. The business office statement was in essence cumulative. Denoyer's statement to the FBI agent, in addition to Frohlich's testimony that he caught Denoyer sharpening the knife, was more than enough to establish all of the elements of the offense. Any error in admitting the business office statements was harmless beyond a reasonable doubt.
 
 II.
 
 8
 Denoyer also challenges the district court's denial of his request that prospective jurors be asked a general question regarding their views on prisoners. Although the court refused to ask the generally-phrased question Denoyer proposed, it did ask more specific questions designed to elicit the same information. As a result of these questions, one potential juror was dismissed after admitting that he might find the defendant's testimony less credible because the defendant was serving time in jail. Under the circumstances, we believe that the district court did not abuse its discretion. See United States v. Toomey, 764 F.2d 678 (9th Cir.1985).
 
 The district court's judgment is
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Jack Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3