**UNITED STATES of America,
Plaintiff-Appellee,
v.
Guy William VERBEEK, Defendant-
Appellant.
No. 24624.**

United States Court of Appeals,
Ninth Circuit.

Feb. 17, 1970.

Kenneth A. MacDonald (argued), of MacDonald, Hoague & Bayless, Seattle, Wash., for appellant.

J. Byron Holcomb (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

Verbeek was convicted of violating 50 U.S.C. App. § 462 in that he knowingly failed to submit to induction into the armed forces. We affirm.

Verbeek registered for the draft in August of 1964. At that time he was classified 1–A. In October of 1965 he was ordered to report for a physical examination. On October 13, 1965 he requested the form for filing as a conscientious objector (S.S.S. 150), executed it, and returned it to his board on October 22, 1965. Verbeek based his claim on a religious history that included time spent as a Seventh Day Adventist, and subsequently as a student of the Jehovah's Witnesses.

On November 4, 1965 Verbeek's application was reviewed by his local board, which determined to maintain his 1–A classification. Verbeek appealed this classification, and under the procedure then in effect was investigated by the F.B.I. and was given an appearance before a Department of Justice hearing officer. (50 U.S.C. App. § 456(j), 62 Stat. 609, ch. 625, § 6.) On the basis of this interview the hearing officer concluded that Verbeek was not sincere in claiming to be a conscientious objector. A resumé of the interview was sent to the draft appeals board and to Verbeek. The Justice Department report to the appeals board contained the information

set out in the margin.[1] On September 11, 1967, the appeals board reclassified Verbeek 1-A. It stated no reason for its decision. Verbeek was ordered to report for induction on August 22, 1968. He reported to the induction center, but failed to step forward when his name was called.

■ Verbeek contends that he had established a prima facie case for 1-O classification, and that there was no basis in fact for the local board's decision to classify him 1-A. Here, however, we are concerned with the decision of the appeals board, not that of the local board. The appeals board makes a *de novo* review which normally supersedes error that may have been made by the local board in the decision appealed. United States v. Leavy, 9 Cir., 1970, 422 F.2d 1155; Bishop v. United States, 9 Cir., 1969, 412 F.2d 1064; Storey v. United States, 9 Cir., 1966, 370 F.2d 255; Tomlinson v. United States, 9 Cir., 1954, 216 F.2d 12.

■ Verbeek cites United States v. Atherton, 9 Cir., 1969, (decided October 9, 1969) for the proposition that a *de novo* decision by the appeals board will not suffice if the appeals board does not give any reason for its decision. In *Atherton* the appeals board had no more information to go on than did the local board; thus it was impossible to tell whether it had relied on erroneous conclusions made by the local board. In this case the appeals board was presented with fresh and powerful evidence in the form of the Department of Justice finding of insincerity, and sincerity is a vital factor in conscientious objection, Witmer v. United States, 1955, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428. We have no difficulty, on this record, in concluding that the appeals board based its decision on the Justice Department report. This was ample basis in fact for a reclassification as 1-A.

■ Finally Verbeek contends that it was a denial of due process for the Justice Department to fail to provide him with a full copy of the Hearing Officer's report. He cites United States v. Purvis, 1968, 2 Cir., 403 F.2d 555 in support of that proposition. In that case, the registrant appeared before the hearing officer with several witnesses; subsequently the hearing officer reported that the registrant had expressed willingness to bear arms under certain circumstances and to serve in the medical corps. The registrant, supported by his witnesses, denied that he had ever made such a statement. The court felt that he should have had the opportunity to rebut the misstatements attributed to him by the hearing officer. In this case, there is no claim that the hearing officer misquot-

1. "The Hearing Officer advised that in his opinion the registrant is not sincere in his dedication. His [Verbeek's] interest appears to be timed very closely to his possible induction into the service. Prior to that time he was quite lax in his attention to his religious endeavors. The Hearing Officer recommended that the registrant's appeal be denied as he is not conscientiously opposed to combatant and noncombatant service based on his religious training or beliefs.

"The registrant filed his SSS Form 150 after he had been ordered to report for his physical examination. In response to question 7, Series II in SSS Form 150 the registrant stated that he had given public expression to his views as a conscientious objector during door-to-door ministry since 1961. The assistant congregational servant of the Jehovah's Witnesses with which the registrant has been associated advised (resumé, page five) that the registrant put in an average of 2.8 hours per month as a publisher from September 1960 to August 1961; that the registrant, for the period September 1961 through June 1962, put in a total of 11 hours; and that this congregational servant had had no contact with the registrant from June 1962 until the registrant returned to the congregation about three weeks prior to the interview. The Hearing Officer had an opportunity to observe the demeanor of the registrant and his recommendation that the claim of the registrant be not sustained is entitled to weight.

"The Department of Justice concludes that the registrant is not sincere in his claim and recommends to your board that his conscientious-objector claim be not sustained and that he be not classified in Class 1-O or in Class 1-A-O."

ed the appellant. There was some question about the veracity of information gathered during the F.B.I. investigation, but Verbeek had an opportunity to rebut that information during his hearing. We have been cited to no regulation or statute that requires that the hearing officer's report be made available to the registrant.

Affirmed.