**UNITED STATES of America,
Appellee,**

v.

**John Galen PRICHARD, Appellant.**

**No. 25872.**

United States Court of Appeals,
Ninth Circuit.

Dec. 28, 1970.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Richard Jaeger (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DUNIWAY, MERRILL and TRASK, Circuit Judges.

TRASK, Circuit Judge:

Appellant, John Galen Prichard, was convicted, following a nonjury trial in the District Court for the Central District of California, for a violation of 50 U.S.C. App. § 462 (Refusal to be Inducted into the Armed Forces). He is presently on bail.

This court has jurisdiction to review the conviction under 28 U.S.C. § 1291.

In January 1966 appellant was classified I-A-O (Conscientiously opposed to combatant service) pursuant to his request for such a classification and the customary submission of a SSS Form 150. For the next year and a half his classification alternated from I-A-O to II-S (Student) to II-A (Occupational), his classification always being I-A-O when he was not in school or a Peace Corps trainee. None of the classifications was appealed from.

On June 30, 1967, the board received a request from appellant for another SSS Form 150. It promptly mailed the form to him with instructions to return it on or before July 15. The form was received by the board on July 17, bearing appellant's signature as of July 14, but it had not been filled out except on the line claiming complete exemption from military service (Class I-O) instead of exemption only from combatant services. (Class I-A-O). It was accompanied by a letter referring to his answers in his earlier SSS Form 150 in which he requested and received a I-A-O Classification. He explained that the distinction between the two exemptions was one between direct and indirect participation in the war effort and was such a "narrow distinction" that it was not a "measurable entity." He therefore requested the I-O classification based upon his earlier (December 16, 1965) application.

On March 13, 1968, appellant was classified I-A. On March 22, 1968, he was mailed a Form 110 (Notice of Classification) which contained on the reverse side a statement of his right to ask for a personal appearance or an appeal within thirty days. He also was mailed on the same date a Form 217 (Advice of Right to Personal Appearance and Appeal) further explaining his thirty day rights and tendering the services of the Government Appeal Agent to assist him. No response within the thirty day period was received. On March 29, 1968, an Order to Report for Physical Examination on April 12 was mailed. The file does not indicate whether he reported or not. He had failed to report for two prior physical examinations.

On May 6, 1968, appellant did write to his local board and requested a personal appearance. In the meantime the board had commenced to receive letters attesting to his sincerity from his mother, his brother, his friends, a Reverend Rosen and a YMCA Executive Director. Although not obliged to do so, the board accorded him a courtesy interview on June 12 at which he appeared. (He had failed to appear for a personal appearance he had requested for March 9, 1966). Although the interview was not stenographically reported, the notes of the clerk state that the board pointed out to the registrant that his request for an appearance was not timely but they had granted him an interview.

The board read aloud the names of the persons who had written letters on the registrant's behalf and stated that it wished to review the new material. The decision of the board was as follows:

"Reviewed not reopened on Interview—

forward on appeal."

The appeal board received the file in August and in November, by a vote of 5-0, retained appellant in his I-A classification.

On January 14, 1969, appellant reported for induction but refused to be inducted. He was subsequently indicted and convicted for this refusal.

The appellant states the issues to be:

1. Was there a basis in fact for denying appellant a deferred classification?

2. Was the refusal to reopen and to give appellant an appearance before the local board and administrative appellate opportunity, a denial of due process?

■ We consider the issues in reverse order since a question has been raised at the outset as to whether appel-

lant has sufficiently exhausted his administrative remedies to challenge in this court the basis in fact for the denial of his requested classification. That question arises because the appellant was classified I–A on March 13. Under the applicable regulations, 32 CFR 1624.1, he may appear in person to protest his classification if he files a written request therefore within thirty days after the classification notice (SSS Form 110) has been mailed. Prichard did not do so. Had he done so it would have been obligatory for the board to consider any information in the file bearing on his classification or any new matter presented. 1624.2(b) and (c). The courtesy interview was not a personal appearance, and consequently, it did not require the local board to reconsider the I–A classification.

However, it is not necessary that there be a timely application for a personal appearance in order to prosecute an administrative appeal. Here the appellant could still appeal from the local board's action in classifying him I–A provided the appeal was timely, 1626.-2(c) (1), or provided the local board grants an extension of time within which to appeal. 1626.2(d). In this case the local board did grant such an extension and properly noted it on the minutes of the Classification Questionnaire (SSS Form 100) under date of June 12, 1968.

■ The regulations require an appellant to file a written notice of appeal. 1626.11(a). The local board considered the registrant's May 6, 1968, communication such a notice and duly recorded it as such in its minutes of that date. The clerk forwarded the record to the appeal board on August 1, 1968, and that board retained the registrant in the I–A classification by a 5–0 vote on November 14. The order for induction was issued, the appellant refused to be inducted and the conviction and this appeal followed. We find that appellant adequately exhausted his administrative remedies.

Having disposed of the procedural complexities we reach the merits of the rejection of the application for a I–O classification. Neither the local board nor the appeal board gave any reason for the rejection of the claim although the record made by the registrant might well have given reason to do so.

■ The statements of the appellant in his original SSS Form 150 application for a I–A–O classification clearly stated a basis in fact for the status sought. Welsh v. United States, 398 U. S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). There were letters in the files attesting to his sincerity. Under those circumstances it becomes impossible to determine whether the local board relied on an apparent insincerity which disclosed itself at the courtesy interview, some rationalization from the record not easily detected or upon an erroneous assessment of the statements of the applicant in his SSS Form 150 application. This makes the classification improper. United States v. Haughton, 413 F.2d 736 (9th Cir. 1969).[1]

Review by the appeal board did not cure this problem where the appeal board also failed to clearly indicate the grounds for denying the requested classification. See United States v. Callison, 433 F.2d 1024 (9th Cir. 1970).

The judgment is reversed.

---

1. Although not raised at the trial, the *Haughton* error may be considered on appeal under the "plain error" doctrine.

*See* Howze v. United States, 409 F.2d 27, 28 (9th Cir. 1969).