**UNITED STATES of America,**
**Appellee,**

v.

**Alan R. MOUNT, Appellant.**

**No. 24902.**

United States Court of Appeals,
Ninth Circuit.

April 15, 1970.

Rehearing Denied Feb. 5, 1971.

Kilkenny, Circuit Judge, dissented on rehearing and filed opinion.

Harriett Buhai (argued), Hollywood, Cal., for appellant.

Henry J. Novak, Jr., (argued), Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM.

Alan R. Mount has appealed his conviction of refusing to submit to induction. (50 U.S.C. App. § 462). We reverse.

Before being ordered to report for induction, Mount had duly filed a Form 150 seeking reclassification from 1–A to 1–O (conscientious objector), his local board had denied reclassification without explanation, and the appeal board had sustained that action.

In United States v. Haughton, 413 F. 2d 736 (9 Cir., 1969) this court reversed the conviction of a registrant whose claim for conscientious objector status was similarly rejected. We held that "The local board must state the reasons for its denial of a registration classification when a registrant has 'met the statutory criteria' (citation omitted) for that classification, or in the language of Dickinson (Dickinson v. United States, 346 U.S. 389, 397, 74 S.Ct. 152, 98 L.Ed. 132 (1953)) has placed himself 'prima facie within the statutory exemption.' "

■ . That rule is applicable. Mount's statements in his Form 150, although terse and inartfully juvenile, do tend to show that he was "by reason of religious training and belief conscientiously opposed to war in any form."

On Petition for Rehearing

HAMLEY, Circuit Judge:

In this case we reversed on the authority of United States v. Haughton, 413 F.2d 736 (9th Cir., 1969). In that case it was held that when a registrant has met the statutory criteria for the classification requested or, in the language of Dickinson v. United States, 346 U.S. 389, 397, 74 S.Ct. 152, 98 L.Ed. 132 (1953), has placed himself "prima facie within the statutory exemption," the local board must state the reasons for its denial of a requested classification (413 F.2d, at 739).

■ Haughton had taken an appeal to the appeal board but the duty of the appeal board was not expressly discussed in the *Haughton* opinion. This is likewise true with regard to our opinion in *Mount*. Accordingly, both *Haughton* and our opinion in *Mount* implicitly, but not expressly, stand for the proposition that a like duty rests upon the appeal board under the indicated circumstances.

With regard to the pending petition for rehearing in *Mount*, it has been suggested that the petition should be granted because the subsequent decision of this court in United States v. Wallace, 435 F.2d 12 (9th Cir. 1970) holds that

**1074**

the rationale of *Haughton* should not be applied to appeal board hearings.

■ Inasmuch as both *Haughton* and *Mount* implicitly held to the contrary, else reversals would not have been in order, the subsequent *Wallace* opinion, not being in banc, could not have overruled these earlier decisions. Moreover, examination of the *Wallace* opinion indicates that it does not purport to overrule *Haughton* and *Mount*. All that was decided in *Wallace* was that since the registrant there involved did not meet the *Haughton* prerequisites entitling him to a statement of board reasons, *Haughton* did not require that reasons be stated in order to support the *Wallace* conviction. The *Wallace* court said:

"Also, adopting the rationale of United States v. Haughton (9 Cir. 1969) 413 F.2d 736, 739, we hold that the appeal board's failure to state its reasons for denying a deferment will not render the review defective *if* the registrant has not 'met the statutory criteria,' Parrott v. United States, (9 Cir. 1966), 370 F.2d 388, or has not placed himself 'prima facie within the statutory exemption,' Dickinson v. United States, 346 U.S. 389, 397, 74 S.Ct. 152, 98 L.Ed. 132 (1953). *See, also* United States v. Lloyd, (9 Cir. 1970), 431 F.2d 160."

Where the registrant has met these prerequisites, as Mount did in our case, this court has held, in a series of cases subsequent to *Wallace*, that the rationale of *Haughton* requires the appeal board to state its reasons for denying a conscientious objector claim.

Thus, in United States v. Callison, 433 F.2d 1024 (9th Cir. 1970), this court said:

"Since the local board applied an erroneous standard and the appeal board has not stated the basis for its decision, we cannot determine whether Callison was properly denied conscientious objector status. *See* United States v. Haughton, 413 F.2d at 743." (433 F.2d page 1026).

In United States v. Kember, 437 F.2d 534 (9th Cir. 1970), we said:

"However, as pointed out in United States v. Verbeek, 423 F.2d 667, 668 (9th Cir. 1970), since Kember took an appeal to the appeal board, which reviews such cases *de novo*, it is the action of the latter board that concerns us here. Nevertheless, we think the rationale of *Haughton* requires that the appeal board as well as the local board state its reasons for denial of a conscientious objector claim where the application therefor is prima facie sufficient, unless the appeal board's reasons can be determined from the agency record with reasonable certainty.[2]

2. Since the local board did not state its reason for rejecting Kember's conscientious objector application, and since there is no basis for determining that the local board may have applied an illegal standard in denying the application, our recent decision in United States v. Atherton, 430 F.2d 741 (9th Cir. 1970), is inapplicable. *Atherton* holds, in effect, that where the record establishes that the local board may have applied an illegal standard or otherwise proceeded in an unlawful manner, the complete agency record must be such as to exclude the possibility that the appeal board fell into the same error.)"

The distinction which the *Kember* court drew between that case and *Callison* (footnote 3 of *Kember*), was not with regard to the legal principle referred to above. It has reference only to the fact that, in *Callison*, the record did not clearly establish that the Department's recommendation was based upon the application of a legal standard, whereas in *Kember*, the record did establish that a legal standard was applied. Accordingly, while the same legal principle was applied in both cases, the conviction in *Callison* was reversed, and the conviction in *Kember* was affirmed. A petition for rehearing in *Kember* was denied on January 8, 1971.

In United States v. Prichard, 436 F.2d 716 (9th Cir. 1970), we reversed, stating in part:

"The statements of the appellant in his original SSS Form 150 application for a I–A–O classification clearly stated a basis in fact for the status sought.

There were letters in the files attesting to his sincerity. Under those circumstances it becomes impossible to determine whether the local board relied on an apparent insincerity which disclosed itself at the courtesy interview, some rationalization from the record not easily detected or upon an erroneous assessment of the statements of the applicant on his SSS Form 150 application. This makes the classification improper. United States v. Haughton, 413 F.2d 736 (9th Cir. 1969). (Footnote omitted.)

"Review by the appeal board did not cure this problem where the appeal board also failed to clearly indicate the grounds for denying the requested classification. See United States v. Callison, 433 F.2d 1024 (9th Cir. 1970)."

The foregoing reasons convince us that *Wallace* does not require a rehearing in *Mount*, and that, in fact, the subsequent *Callison, Kember* and *Prichard* decisions require that the *Mount* petition for rehearing be denied.

The arguments advanced in the petition for rehearing have been considered, but we do not believe they warrant a rehearing.

The petition for rehearing is denied.

KILKENNY, Circuit Judge (dissenting):

I would grant the petition for rehearing. The rationale of *Haughton* should not be applied to Appeal Board hearings. United States v. Wallace, 435 F.2d 12 (9th Cir., 1970).

Moreover, I would not give retroactive effect to the *Haughton* doctrine.