UNITED STATES of America,
Appellee,

v.

Claud Michael KEMBER, Appellant.

No. 25125.

United States Court of Appeals,
Ninth Circuit.

Dec. 9, 1970.

Rehearing Denied Jan. 8, 1971.

Certiorari Denied April 19, 1971.
See 91 S.Ct. 1392.

Martha Goldin (argued), Alan Saltzman, Hollywood, Cal., for appellant.

David Fox (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING and TRASK, Circuit Judges.

HAMLEY, Circuit Judge:

Claud Michael Kember appeals from his conviction for failing to submit to induction into the armed forces, in violation of 50 U.S.C. App. § 462.

Kember first argues that there is no basis in fact in the agency record for classifying him I–A, subject to induction, instead of I–O, as a conscientious objector available for civilian work.[1]

Kember's application to the local board for a conscientious objector classification clearly meets the statutory cri-

---

1. In considering this argument the pertinent question is whether, on the whole agency record, as developed up to the time of the appeal board decision, there is a basis in fact for classifying Kember I-A. It is not for us to weigh the evidence or evaluate the credibility or judgment of those who supplied the agency with information or expressions of opinion. The "basis in fact" which will support the board's decision means more than suspicion and speculation, Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953), but it need not rise to the level of substantial evidence. Maynard v. United States, 409 F.2d 505, 506 (9th Cir. 1969). All that is required, where the registrant has made out a prima facie case for exemption, is that "there be some proof that is incompatible with the registrant's proof of exemption." Dickinson, *supra*, 346 U.S. at 396, 74 S.Ct. at 157. *See also*, Bishop v. United States, 412 F.2d 1064, 1067 (9th Cir. 1969).

teria for such classification. *See* Welsh v. United States, 398 U.S. 333, 339–340, 342–343, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). It was therefore the duty of the local board to state the reasons for its denial of the application. United States v. Haughton, 413 F.2d 736, 739 (9th Cir. 1969). The local board did not do so.

█ However, as pointed out in United States v. Verbeek, 423 F.2d 667, 668 (9th Cir. 1970), since Kember took an appeal to the appeal board, which reviews such cases *de novo,* it is the action of the latter board that concerns us here. Nevertheless, we think the rationale of *Haughton* requires that the appeal board as well as the local board state its reasons for denial of a conscientious objector claim where the application therefor is prima facie sufficient, unless the appeal board's reasons can be determined from the agency record with reasonable certainty.[2]

█ The Kember appeal board did not state a reason for its determination. But since it acted after receiving a recommendation from the Conscientious Objector Section of the Department of Justice that the appeal be rejected because Kember's conscientious objector beliefs were not sincerely held, we think it is reasonably certain that this was the ground upon which the appeal board acted. *See Verbeek, supra,* at 668. A registrant's sincerity in professing beliefs which, prima facie, entitle him to conscientious objector status, is always open to inquiry and, if insincerity is found, rejection of the claimed exemption is appropriate. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955).[3]

The materials in the record, written and oral, bearing upon the sincerity of Kember's conscientious objector beliefs weigh heavily in his favor. Moreover, the Department of Justice Hearing Officer, after questioning Kember and two witnesses he produced, and examining written communications submitted in his behalf, believed him to be sincere and recommended that he be given a conscientious objector classification.

The Chief of the Department of Justice Conscientious Objector Section, as it then existed, nevertheless concluded that Kember lacked the requisite sincerity of beliefs, and so reported to the appeal board. We state below the prime considerations which led this official to so conclude—a conclusion which was apparently concurred in by the appeal board.

Kember did not request conscientious objector status or any other basis for exemption when he submitted his completed classification questionnaire on April 10, 1964. He was accordingly classified I–A. Eleven months later, on March 9, 1965, he entered upon college studies and so obtained a II–S classification. However, in the fall of 1965, it was necessary for Kember to work full time and he was therefore unable to carry on a full college course of studies. In so advising his local board on November 18, 1965, Kember made no request for conscientious objector status. The local board therefore reclassified Kember I–A on December 14, 1965.

Kember resumed a full course of college studies early in 1966, and was therefore reclassified II–S on March 8, 1966. Shortly thereafter, Kember decreased his college load to the point where the local board, on May 10, 1966,

---

2. Since the local board did not state its reason for rejecting Kember's conscientious objector application, and since there is no basis for determining that the local board may have applied an illegal standard in denying the application, our recent decision in United States v. Atherton, 430 F.2d 741 (9th Cir. 1970), is inapplicable. *Atherton* holds, in effect, that where the record establishes that the local board may have applied an illegal standard or

otherwise proceeded in an unlawful manner, the complete agency record must be such as to exclude the possibility that the appeal board fell into the same error.

3. This case is thus distinguishable from United States v. Callison, 433 F.2d 1024 (9th Cir. 1970), where we held that the record did not clearly establish that the Department's recommendation was based upon the application of a legal standard.

once more classified him I–A. At this time Kember did not seek a conscientious objector status.

On November 3, 1966, Kember took his pre-induction physical examination. He was notified on November 22, 1966, that he was fully acceptable. It was shortly thereafter, on December 18, 1966, more than seven months after he had last been reclassified I–A, that Kember notified the local board that he wished to file a conscientious objector application.

Kember later stated that this delay was due to the fact that until shortly before he sought such reclassification he did not understand that he might be eligible for such a classification.

While most of those who expressed their views thought Kember was sincere in his beliefs, one fellow employee, who worked with him from March to October 1965, stated that he did not believe the registrant was sincere in such beliefs. There is also evidence in the record that Kember told others that he was in college only to avoid the draft.

■ We recognize that a registrant's request for a II–S classification instead of a conscientious objector classification does not indicate insincerity with respect to the latter beliefs. A II–S classification is not, absent other factors, inconsistent with conscientious objection to war. *See* United States v. Bornemann, 424 F.2d 1343, 1347–1348 (2d Cir. 1970).

However, Kember did not seek a I–O classification during the eleven months that he was classified I–A and could not qualify for a II–S classification. Thereafter he allowed substantial periods of time to intervene between his periods of classification in II–S without asserting any concientious objector claim. In addition, as noted above, one person with whom Kember had worked questioned his sincerity, and Kember told others

that he was in college only to avoid the draft.

■ Measured by the applicable test, as described in note 1 above, we hold that the factors referred to above provide a basis in fact for the determination of the appeal board.

Kember argues that the agency procedures followed in denying his application for a conscientious objector classification amounted to a denial of due process of law. In this connection, he complains that he was not permitted to confront or examine witnesses, was not represented by counsel, was not given a reason for the adverse action by the board and was not provided with a transcript of the proceedings before either board. He speculates that consideration by the appeal board may have been very brief. Finally, he notes that while the Chief of the Conscientious Objector Section of the Department of Justice gave the appeal board a résumé of the materials which were before the Hearing Examiner, that board was not given a copy of the Hearing Examiner's report, nor did the trial court permit him to file the report as an exhibit.

■ The question of the right of a registrant to representation by counsel in proceedings before a draft board is now before the Supreme Court in a direct appeal from United States v. Weller, 309 F.Supp. 50 (N.D.Cal.1969), jurisdiction reserved, 397 U.S. 985, 90 S. Ct. 1118, 25 L.Ed.2d 394 (1970). There is some possibility, however, that the Supreme Court will eventually dismiss that case for lack of jurisdiction. In any event, unlike Weller, no question of the right to counsel was raised by Kember either before the administrative boards or in the trial court. We therefore believe the question is not properly before us on this appeal.[4]

■ There is no claim that the résumé of the proceedings before the Hearing Officer, which included all of

---

4. Under the law as it exists today, a registrant is not entitled to counsel in proceedings before a draft board. United

States v. Evans, 425 F.2d 302, 304 (9th Cir. 1970); Haven v. United States, 403 F.2d 384, 385 (9th Cir. 1968).

the exhibits, is not accurate and fair. Accordingly, Kember was not prejudiced by the fact that the appeal board was provided with résumé instead of a complete transcript.

Kember does not present any authority in support of his other contentions on this branch of the case. We are satisfied that he was not deprived of due process of law in the respects described.

Kember makes a generalized attack upon the constitutionality of various aspects of the Selective Service Act. In our view, this attack is without merit.[5]

Kember argues that the religious training and belief requirement of the Selective Service Act is unconstitutional. As that requirement has recently been construed by the Supreme Court, it is not unconstitutional. *See* Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). There is nothing in the record to indicate that Kember was denied conscientious objector status because his asserted beliefs were not sufficiently related to the formalities of religion.

Affirmed.

5. *See* United States v. Leavy, 422 F.2d 1155 (9th Cir. 1970) ; Rusk v. United States, 419 F.2d 133 (9th Cir. 1969); Petersen v. Clark, 411 F.2d 1217 (9th Cir. 1969) ; Badger v. United States, 322 F.2d 902 (9th Cir. 1963) ; George v. United States, 196 F.2d 445 (9th Cir. 1952) ; United States v. Fallon, 407 F.2d 621 (7th Cir. 1969) ; Bertelsen v. Cooney, 213 F.2d 275 (5th Cir. 1954) ; United States v. Bolton, 192 F.2d 805 (2d Cir. 1951).