**UNITED STATES of America,
Appellee,**

v.

**Welcome Linden FRALEY, III, Appellant.**

**No. 26328.**

United States Court of Appeals,
Ninth Circuit.

Nov. 26, 1971.

David M. Rothman (argued), Los Angeles, Cal., for appellant.

Larry S. Flax, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, KOELSCH and HUFSTEDLER, Circuit Judges.

KOELSCH, Circuit Judge.

Welcome Linden Fraley, III, appeals from the judgment of the district court convicting him of disobeying the order of his Selective Service Board to report for induction into the armed forces of the United States. (50 U.S.C.App. § 462(a)).

He challenges the validity of the judgment on several grounds. However, a discussion of all of them is unnecessary, for one has merit and requires reversal of the judgment.

United States v. Kember, 437 F.2d 534, 536 (9th Cir. 1970), cert. denied, 402 U.S. 923, 91 S.Ct. 1392, 28 L.Ed.2d 662 (1971), holds that "the appeal board

as well as the local board [must] state its reasons for denial of a conscientious objector claim where the application therefor is prima facie sufficient, unless the appeal board's reasons can be determined from the agency record with reasonable certainty." That rule, applicable here, is dispositive of this appeal.

Although Fraley made out a prima facie showing in support of his claim as a conscientious objector, the local board denied him such classification. Thereafter, the appeal board made a de novo determination [Bishop v. United States, 412 F.2d 1064 (9th Cir. 1969)] and likewise classified him 1–A. It specified no reason or reasons for its determination and none is apparent from the administrative record "with reasonable certainty." United States v. Kember, *supra*, 437 F.2d p. 536. In that respect this case is wholly unlike United States v. Verbeek, 423 F.2d 667 (9th Cir. 1970), where "fresh and powerful evidence" of the registrant's insincerity, not before the local board, was initially presented to the appeal board; instead, it falls in the category of cases such as United States v. Atherton, 430 F.2d 741 (9th Cir. 1970), in which the "appeals board had no more information to go on than did the local board; * * *"

In *Atherton, supra,* the conviction was reversed, where the appeal board had nothing before it save the record of the local board, and it was impossible to ascertain whether the latter board's denial of the registrant's conscientious objector claim was based upon an erroneous standard of religious belief. Here, even if we assume the appeal board adopted the local board's reasons, the latter's statement of them is both ambiguous and uncertain. It is impossible to determine whether the local board concluded (erroneously) that Fraley's beliefs were not religious, or whether Fraley was not sincere in his profession of them, or both.[1] Thus, because as in

---

1. "Statement: The reason why we feel that the conscientious objector status be denied:

1. On the initial filing of the form 150 there is very little to indicate the basis for this individual's belief. In most in-

United States v. French, 429 F.2d 391, 392 (9th Cir. 1970) "we cannot tell whether or not the Appeal Board relied upon the erroneous ground" the order to report was invalid and the conviction must be and is

Reversed.

stances questions were answered with one short sentence.

2. The report of the appearance before the Government Appeal Agent indicates nothing whatsoever to do with beliefs that would sustain a conscientious objector status, but delves into the physical and mental status of the individual with respect to the Armed Forces.

3. At the inception of this Personal Appearance the registrant submitted a three page hand written document setting forth numerous reasons why he is not acceptable for the armed services, but nothing verifying why he is not acceptable.

4. Upon considerable questioning as to the religious beliefs, as the record of this hearing will show, at no time did he give answers that would show basic or deep seated reasons for non violence. In fact registrant did indicate on one answer that where he had a choice he would prefer not to destroy. It is the majority opinion of this board that the Selective Service Regulations do not give the registrant the choice in this case."