**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marvin Thomas STICKLER, Defendant-Appellant.**

**No. 71-1963.**

United States Court of Appeals, Ninth Circuit.

Dec. 14, 1971.

Donald H. Marmaduke (argued), of Marmaduke, Aschenbrenner, Merten &

Saltveit, Portland, Or., for defendant-appellant.

Jack G. Collins, Asst. U. S. Atty. (argued), Portland, Or., for plaintiff-appellee.

Before MADDEN * Judge of the United States Court of Claims, and CARTER and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge:

Appellant failed to report for induction into the Armed Forces in violation of 50 U.S.C.App. § 462, was indicted, tried to the court and found guilty. While he presents a number of issues upon this appeal, only one is significant: Is a failure by a local board to state its reasons for denying a claim for conscientious objector classification cured by a statement of reasons by the appeal board?

The opinion of the district court recites the factual background, the district judge's findings of fact and his legal conclusions. The opinion is attached as an appendix. We agree with and adopt the district judge's analysis.

■ The purpose of requiring a statement of reasons for the action of a selective service board is to permit adequate judicial review. In United States v. Haughton, 413 F.2d 736 (9th Cir. 1969), we said:

" 'Where, however, the veracity of the registrant is the principal issue, disbelief will suffice. But even in the latter situation, the record must contain some statement of this disbelief if the classification is to be upheld on judicial review.' United States v. Washington, 392 F.2d 37, 39 (6th Cir. 1968). * * * Inconsistent statements or actions or a finding of insincerity may support the denial of conscientious objector status." Haughton, at p. 739.

We went on to say, in reversing the conviction in Haughton,

"The board may have relied on information not in the record, contradicting the allegations in Haughton's form 150. Or the board may have erroneously concluded that Haughton's allegations, even if true, did not entitle him to his requested classification. Since the board has not stated the basis for its decision, we cannot determine whether Haughton was properly denied conscientious objector status." Haughton, at p. 743.

When neither the local board nor the appeal board states a valid reason for its action, we have held that failure to act on a prima facie claim is not cured. United States v. Callison, 433 F.2d 1024 (9th Cir. 1970), is an example of a local board stating an invalid reason and the appeal board giving no reason. See also United States v. Fraley, 451 F.2d 1307 (9th Cir., 1971). In United States v. Prichard, 436 F.2d 716 (9th Cir. 1970), neither board stated a reason.

However, in United States v. Kember, 437 F.2d 534 (9th Cir. 1970), while neither board stated a reason, the conviction was affirmed. It did not appear that the local board action was invalid, the reason of the appeal board could be inferred from the record and there was basis in fact. We said:

"[S]ince Kember took an appeal to the appeal board, which reviews such cases de novo, it is the action of the latter board that concerns us here. Nevertheless, we think that the rationale of Haughton requires that the appeal board as well as the local board state its reasons for denial of a conscientious objector claim where the application therefor is prima facie sufficient, unless the appeal board's reasons can be determined from the agency record with reasonable certainty." (Footnote omitted.) United States v. Kember, 437 F.2d 534, at 536 (9th Cir. 1970).

■ Although appellant's local board failed to state reasons for denial of his

* Honorable J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.

conscientious objector claim, we hold that this error was cured by the *de novo* review and statement of reasons of the appeal board. The latter board reviewed appellant's entire original file anew, including his letters. The action or inaction of the local board did not control or limit the action of the appeal board.

■ Nor was appellant prevented from stating, as he did in one of his letters, his entire claim in its broadest form. He knew the issue before the appeal board, which was his claim for conscientious objector status. His Selective Service file was always available to him. He had and used the opportunity to present matter to the appeal board and has made no showing that he was prejudiced in any way in presenting his appeal.

■ We agree with the district judge that both boards had a basis in fact for the findings of insincerity. The appeal board's statement of reasons, although somewhat stereotyped, was sufficient to satisfy the requirement.

Affirmed.

## APPENDIX

In the United States District Court
for the District of Oregon

United States of America,

vs.

Marvin Thomas Stickler,

*Defendant.*

CR 71–61
OPINION

GOODWIN, Judge:

Stickler was indicted under the Selective Service Act of 1967, 50 U.S.C.App. § 462, for failure to report for induction into the armed forces as ordered by his local board. Defendant waived a jury trial.

The principal defense was that the order to report for induction was invalid because the local board had denied Stickler's application for conscientious-objector status without stating its reasons for the denial. Stickler also contends that the board had no basis in fact for denying his application.

When Stickler registered with Local Board No. 4 in Beaverton, Oregon, on January 2, 1969, his Classification Questionnaire stated that he was a service station attendant in Tigard, Oregon. He did not claim conscientious-objector status. On February 12, 1969, the board classified him I-S(H), so that he could complete his senior year in high school, and the board classified him I-A in July 1969.

In September 1969, Stickler advised the board that he was again a full-time student at Tigard High. On October 21, however, he was ordered to report for physical examination on November 12. By the end of October, Stickler had moved to Banks, Oregon. He notified the board of his new address, stated he was a full-time student at Banks High School, and requested change of classification from I-A to I-S. He also stated, "I would also like to appear before the board to see about a C-O classification!"

On October 30, 1969, the board mailed Selective Service System Form 150 to Stickler and inquired about his school attendance. The board learned that he had been attending school in Banks very irregularly. Stickler failed to report for a physical on November 12 as ordered, and on November 21 defendant's mother called the board inquiring as to the

whereabouts of her son. She stated he was not at the Banks address.

A duplicate SSS Form 150 was mailed to Stickler's last known address in January 1970, and in February 1970, having heard nothing from Stickler, the board tentatively determined that he was not entitled to a I-O or a I-A-O classification.

Stickler failed to appear in March for a courtesy interview on his conscientious-objector application, and thereafter he was notified that he had been retained in a I-A classification.

In April 1970, the board received a letter which it considered an appeal from the I-A classification. The board again offered Stickler an opportunity to meet and discuss the CO claim, but again he failed to appear. Stickler filed his SSS Form 150 on May 21, 1970, and shortly thereafter several supporting letters from various persons were received by the board.

The board reviewed the defendant's file in June 1970, and retained defendant in the I-A classification. Again the board extended to defendant, who was now living in Portland, an opportunity to have a courtesy interview, and again defendant failed to appear. The board mailed notice of I-A classification. This notice gave no reasons for the denial of the CO claim. On July 30, the board received a letter which it considered an appeal from the I-A classification.

Stickler's file was forwarded to the Oregon State Appeal Board in August 1970. On October 1, 1970, the appeal board, by a vote of 3 to 0, classified Stickler I-A. A notice to the local board dated October 2, 1970, stated:

"The appeal board determined unanimously that the record is insufficient to establish a deeply held belief and that the file of this registrant does not sufficiently demonstrate his sincerity to justify placement in Class I-O."

Notification of the appeal board's action was mailed to Stickler by the local board October 5, 1970.

Stickler meanwhile had reported for physical examination. He was ordered to report for induction on November 3, 1970. He returned the induction order to the board with the following letter:

"Gentlemen:

"A sincere conscientious objector wouldn't allow himself to be inducted. I am against the armed forces and refuse to be inducted into them. Curtis Tarr, Mel Laird, Mr. Tricky Dicky Nixon and Betty Marion and W. O. Bishop are hereby charged with accessory to the fact of murder by me, Marvin L. Stickler for their crimes all over the world to humanity by their administration and support of selective service. I am sending YOUR Papers back to you with a reminder that 'war is good business; invest a son'! Gentlemen: The next move is yours.

M. L. Stickler

All Power to THE People!"

Stickler did not report on November 3, 1970, nor at any later date.

I am satisfied that, on the merits, the local board had a basis in fact for the administrative denial of conscientious-objector status. The nature of Stickler's dealings with his local board, the political rather than religious nature of his objections to war, his exaggerated claims to student status, and his frequent delays in reporting his changes of address, all provide a basis in fact for the finding of insincerity. Estep v. United States, 327 U.S. 114, 122, 66 S. Ct. 423, 90 L.Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389–394, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Petrie v. United States, 407 F.2d 267, 272 n. 5 (9th Cir. 1969).

Nonetheless, Stickler's Form 150, when filed, presented a statement of beliefs which, if deemed sincere by the board, would entitle him to a I-O classification.

Under the rule of United States v. Haughton, 413 F.2d 736 (9th Cir. 1969), an administrative failure to state reasons for the denial of a prima facie conscientious-objector claim requires rever-

sal of a conviction. Even if the file taken as a whole refutes the prima facie claim presented on the Form 150, a conviction cannot stand unless either the local board or the appeal board so states when it denies the CO application. United States v. Cordero, 439 F.2d 716 (9th Cir. 1971). When the local board does not state its reasons for denying the application, the appeal board has the duty to do so. United States v. Mount, 438 F.2d 1072 (9th Cir. 1971) (opinion on petition for rehearing). If the appeal board makes a sufficient statement of reasons, the error of the local board is cured. *See* United States v. Callison, 433 F.2d 1024 (9th Cir. 1970); United States v. Prichard, 436 F.2d 716 (9th Cir. 1970).

The government urges that the requirements of *Haughton, Cordero,* and *Mount* are met by the printed notice contained in the transmittal letter sent by the appeal board to the local board for the purpose of informing the local board of the results of the appeal. This assertion is denied by Stickler.

The question, therefore, is whether a "boilerplate" statement of reasons satisfies the requirement that the appeal board state its reasons for denying reclassification.

The purpose of requiring that selective service boards state reasons for their actions is to insure an opportunity for effective judicial review. Judicial review has meaning only when the court has before it a statement of the facts found and the conclusions reached. Stereotyped or formal language does not necessarily render administrative action void, but when an administrative agency sets forth its reasons only in a *pro forma* manner, it makes it difficult for the reviewing court to affirm agency action.

In this case, the appeal board used the same "boilerplate" language with which it had denied reclassification in a number of other cases. The statement of the board's reasons did, however, advise the registrant of the reason for the refusal to reclassify. The board said in effect that the record does not establish a "deeply held belief" and that the file as a whole does not demonstrate sincerity. While the appeal board's wording was not skillfully chosen, the language puts both the registrant and the reviewing court on notice that the substantive reason for the denial of the request is the lack of sincerity on the part of the registrant. Since this want of sincerity is amply demonstrated by the file as a whole, the registrant was correctly informed.

Congress did not intend, in enacting the Selective Service Act, to permit registrants to play fast and loose with the local board for a year or more, and then, after refusing induction, to seize upon some nonprejudicial lack of detail in the appeal board's notice as a reason for escaping the consequences of willful disobedience of the law.

I find the defendant guilty as charged.

Dated this 27th day of April, 1971.

/s/ Alfred T. Goodwin
United States District Judge