**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Duncan WALKER, Defendant-Appellant.**

**No. 26359.**

United States Court of Appeals, Ninth Circuit.

June 12, 1972.

---

J. B. Tietz (argued), Los Angeles, Cal., for defendant-appellant.

David Fox, Asst. U. S. Atty. (argued), David R. Nissen, J. Kent Steele, Asst. U. S. Attys., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and FREY,[*] District Judge.

KOELSCH, Circuit Judge:

Walker appeals from the judgment convicting him of violating 50 U.S.C. App. § 462, refusing to obey the order of his Selective Service Board to submit to induction into the Armed Forces of the United States.

The principal issue on appeal concerns the validity of Walker's 1–A classification.

The record reveals that Walker, shortly after being classified 1–A (available for military service) and before being ordered to report for induction, filed with his Local Board an SSS Form 150 in which he asserted a claim of exemption from both combatant and noncombatant training and service in the Armed Forces, by reason of religious training and belief, conscientiously opposing participation in war in any form, and requested a 1–O classification (conscientious objector).

The Board summarily denied his claim but thereafter reopened the matter at Walker's request and afforded him a personal appearance. However, the Board again denied him a 1–O classification, on the ground that his professed religious beliefs were not sincerely held.[1] The Appeal Board, without assigning the basis for its action, again classified Walker 1–A, presumptively for the reason assigned by the Local Board. United States v. Kember, 437 F.2d 534, 536 (9th Cir. 1970), cert. denied, 402 U.S. 923, 91 S.Ct. 1392, 28 L.Ed.2d 662 (1971).

We are clear from our examination of the record that the Board's determination of Walker's lack of sincerity has a "basis in fact." Bergman v. United States, 420 F.2d 681 (9th Cir. 1969). The principal question—since Walker had "met the statutory criteria" [Parrott v. United States, 370 F.2d 388 (9th Cir. 1966)]—involves a highly subjective matter—the claimant's honesty and good faith. The Board noted that Walker, during his interview, was "evasive in his answers"; clearly this fact was a proper one to consider in determining Walker's credibility. Moreover, Walker acknowledged that he had used marihuana, contrary to the tenets of his religion; this fact too was relevant in that it tended to show the depth of his religious convictions. And, in addition, Walker had delayed for a considerable time before asserting his conscientious

---

[*] Honorable William C. Frey, United States District Judge, Tucson, Arizona, sitting by designation.

1. The minutes of the hearing affirmatively disclose that the sole basis for the Local Board's determination was Walker's lack of sincerity:

"Board determined to re-open the registrant's classification to 1–A and deny application for conscientious objector status as registrant was evasive in his answers and did not appear to be living up to his stated beliefs and had not convinced them of his sincerity. Registrant did not request conscientious objector status at time of filling out original questionnaire and his father was a conscientious objector in World War II and had known of the conscientious objector status as was indicated."

Thus, there is no difficulty here, as there was in such cases as United States v. French, 429 F.2d 391 (9th Cir. 1971) and United States v. Haughton, 413 F.2d 736 (9th Cir. 1969) in ascertaining the "reasons" for the Board's action.

objector claim.[2]  Salamy v. United States, 379 F.2d 838 (10th Cir. 1967). In sum, there is "some proof that is incompatible with the registrant's proof of exemption."  Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132 (1953).

Walker's remaining contention is quickly answered.  This Circuit has consistently upheld against attacks on due process grounds the portion of 32 C.F.R. § 1624.1(b), which in terms provides that "No person other than a registrant shall have the right to appear in person before the local board.  .  .  ."  United States v. Evans, 425 F.2d 302 (9th Cir. 1970); Uffelman v. United States, 230 F.2d 297 (9th Cir. 1957).

Judgment affirmed.

2.  In support of his claim Walker indicated that his opposition to the use of force and to violence had become fixed at a very early age—an assertion corroborated by his parents, who declared that their son "was taught from infancy not to use guns or force of any kind and not to kill." Yet Walker, in his initial classification questionnaire, did not state or intimate any such views.  Instead, he secured a student II–S classification on a showing that he was attending school.  But for several months after he ceased to attend —and hence lost his student deferred status—he did not assert a claim for a conscientious objector classification.  Only after the Board learned that Walker was not a student and classified him 1–A did he do so.