**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Barry Lynn DANIEL, Defendant-
Appellant.**

**No. 72–1055.**

United States Court of Appeals,
Ninth Circuit.

June 22, 1972.

John A. Strait (argued), L. Ross Brown, of McCauley & Brown, Portland, Or., for defendant-appellant.

Donald H. Upjohn, Sp. Asst. U. S. Atty. (argued), D. Richard Hammersley, Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and SWEIGERT,* District Judge.

SWEIGERT, District Judge:

This is an appeal from a judgment entered by the trial judge after finding appellant guilty of violating Title 50 App. U.S.C. § 462 (refusal to submit to induction).

The record shows that appellant registered with his Local Board on June 30, 1967 and was variously classified for student deferment until August 20, 1970, when he was finally classified I–A. On August 24, 1970, appellant obtained Form 150, Special Form for Conscientious Objectors, and returned the completed form to the board on September 30, 1970.

The Local Board reviewed defendant's file on October 29, 1970 but retained appellant's I–A classification. Appellant's appeal to the State Board was denied and, after being ordered to report for induction on February 22, 1971, he refused to submit.

Appellant contends (1) that the trial court erred in holding there was a basis in fact for the Local Board's and Appeal Board's denial of his requested conscientious objector classification; (2) that the Appeal Board's statement of reasons for affirming denial of appellant's conscientious objector application fails to conform with the requirements of United States v. Haughton, 413 F.2d 736 (9th Cir. 1969).

In Form 150 appellant had stated his beliefs as follows:

"My belief will not allow me to justify the killing of any human being, nor will it justify my participation in the killing of any human beings, whether my participation is active or passive. This belief is directly based upon my religious training. I hold all parts of the Bible to be sacred and inviolable. The part which applies most here is the Commandment, 'Thou Shalt Not Kill.' I shall not violate this Commandment, and I will allow no one to force me into violation;" adding

"I have felt for some time that certain things I might be exposed to in the army would be contrary to my moral code and religious beliefs, but I still felt obligated to my country and decided I could live with anything I might have to do. The thing that pushed me into conscientious objection was the effects I observed in several of my friends and in my brother, which were a result of service in the armed forces. In each case their moral characters have been decayed. When they related their various experiences to me it sickened me. I decided therefore to take this course of action to prevent myself from becoming a murderer or a rapist, which are considered favorable qualities in a soldier today."

The Local Board's reason for denial of the application (after personal conference with appellant and his two witnesses) was stated as follows:

"The board feels that the registrant has built his claim for conscientious objection on the fears instilled in him by his contact with ex-servicemen and is not supported by religious training and belief."

The State Appeal Board's reason for affirming the denial was stated as follows:

"The Appeal Board determined unanimously that the record is insufficient to establish a deeply held belief and that the file of this registrant does not sufficiently demonstrate his sincerity to justify placement in Class I–O."

The trial court, although indicating doubt about whether appellant had stated a *prima facie claim*, assumed that he had but concluded that there was a basis in fact for the denial of appellant's application in that there were internal in-

---

* Honorable W. T. Sweigert, United States District Judge, Northern District of California, sitting by designation.

consistencies in his statements and his file.

██ We are of the opinion that, although the first quoted portion of the application presented a prima facie claim within the meaning of United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965) and Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), the application, considered as a whole, contained matter sufficient to provide a basis in fact for both the Local Board's denial and the Appeal Board's affirmance.

It will be noted that appellant conceded that, although he had felt for some time that things in the army would be contrary to his moral code and religious beliefs, he still felt obligated to his country and could live with anything he might have to do. Admittedly, it was only after he had observed the results of service in others that he decided "to take this course of action to prevent myself from becoming a murderer or a rapist. . . ."

Appellant contends that his application must be read to mean that the contacts with ex-servicemen merely "crystallized" his conscientious objections. We are of the opinion, however, that it can also be read to mean that, although appellant had previously decided he "could live with anything I might have to do," (i. e., he had no conscientious objection) he later decided, after contacts with servicemen, to assert conscientious objection, not because of religious training or belief (or its equivalent within the meaning of Welsh, supra), but only because of personal fear that he might become a murderer or a rapist.

This internal evidence provides a basis in fact for the Local Board's finding that appellant had built his claim on fears instilled in him by his contact with servicemen rather than upon religious training and belief (or the equivalent thereof within the meaning of Welsh, supra).

██ Basis in fact is a narrow legal standard. All that is required to constitute basis in fact in cases of this kind is that there be some evidence in the record that is incompatible with the registrant's claim of exemption. United States v. Kember, 437 F.2d 534, 535 (9th Cir. 1970).

██ Appellant contends that the local board's statement of reasons for denial is ambiguous and insufficient. We disagree. But, even if the Local Board failed to give an adequate reason for its denial, this error would be cured by a de novo review and an adequate statement of reasons by the Appeal Board. United States v. Stickler, 452 F.2d 907 (9th Cir. 1971).

In this case the Appeal Board affirmed the Local Board's denial upon two stated grounds, one of which was that the record is insufficient to establish a deeply held belief—presumably within the meaning of Welsh v. United States, supra, a finding substantially the same as the Local Board's finding.

██ The internal evidence in appellant's application provided a basis in fact for this finding and, although appellant contends that the Appeal Board's statement of reasons is "boilerplate," we are of the opinion that the statement of this ground of affirmance (which appellant concedes is identical to the statement approved in United States v. Stickler, supra), is sufficient.

Although the Local Board did not mention insincerity in its reasons for denial, the Appeals Board did note lack of sincerity as an additional ground for affirmance.

For reasons similar to those already set forth we are of the opinion that the internal evidence contained in appellant's application, casts sufficient doubt upon the sincerity of his insistence that his belief is religiously or equivalently based to also provide a basis in fact for the insincerity finding.

We affirm the judgment of the trial court.