**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth David CATE, Defendant-Appellant.**

**No. 72–1020.**

United States Court of Appeals, Ninth Circuit.

March 7, 1973.

Carl E. Larson, Asst. Federal Public Defender (argued), Rodney J. Shepherd, Asst. Federal Public Defender, E. Richard Walker, Federal Public Defender, Sacramento, Cal., for defendant-appellant.

Brewster Q. Morgan, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before DUNIWAY, GOODWIN and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Appellant was convicted for failure to report for induction in violation of 50 U.S.C. App. § 462. We reverse.

Although appellant had prior difficulties with the draft[1], the salient facts are that on October 28, 1970, appellant was reclassified by his local board from 1–A–O (non-combatant service) to 1–O (conscientious objector) and was properly notified of the reclassification and of his right to appeal. Appellant promptly responded in writing, asking for an appeal and requesting a reclassification to 3–A (hardship) on the ground that his economic contribution to his home had become "vital." The board construed the letter as a request for an appeal and for a personal appearance before the board and set November 18 as the date for the personal appearance. Appellant requested a postponement of the personal appearance until after November 21, 1970, claiming a conflict with his work schedule. Appellant failed to appear on the 18th, and the board reviewed his file but did not reopen his classification.

The local board forwarded appellant's file to the appeal board on December 21, 1970, without notice to appellant. On Thursday, January 28, 1971, the appeal board reclassified appellant 1–A–O by unanimous vote but did not state any reasons for its action. On Monday, February 1, the local board received appellant's file from the appeal board and immediately sent appellant a notice he was classified 1–A–O. On the following day the local board mailed to appellant an "Order to Report for Induction." He did not obey the order, was convicted and appealed.

Appellant questions the authority of the appeal board to bypass the question of whether he deserved a 3–A classification instead of a 1–O and to reclassify him to the higher classification of 1–A–O.[2] However, we do not reach this issue because the case is reversed on a different ground.

In United States v. Haughton, 413 F. 2d 736 (9th Cir. 1969), we held that when a prima facie claim of conscientious objector status was presented, the local board had a duty to state the reasons for

1. On his claim for exemption, appellant indicated he was willing to be classified 1–A–O. On June 18, 1969, appellant was so classified. He passed his physical examination and was ordered to report for induction on May 12, 1970. On April 17, his mother requested the local board to reopen appellant's classification and consider a hardship deferment. New information bearing thereon was submitted. The local board did not reopen and appellant did not report. However, the local board subsequently cancelled the order to report.

2. See Storey v. United States, 370 F.2d 255, 260–261 nn. 7–8 (9th Cir. 1966).

its denial of the application. The rationale of the rule was that, when no reasons are stated, it is impossible for a reviewing court to ascertain whether the claim had been properly rejected. *Id.* at 739, 743. We extended the *Haughton* rule to similar actions of an appeal board in United States v. Kember, 437 F.2d 534 (9th Cir. 1970), cert. denied, 402 U. S. 923, 91 S.Ct. 1392, 28 L.Ed.2d 662 (1971).[3]

Here, the appeal board was passing upon a rejected hardship classification rather than a conscientious objector claim.[4] However, the reason for the rule in *Haughton* and *Kember*—that of facilitating judicial review—applies equally to denial of hardship claims, whether the claim is considered by the local board, United States ex rel. Bent v. Laird, 453 F.2d 625, 632–634 (3rd Cir. 1971), or by the appeal board.

This reasoning is consistent with United States v. Guaraldi, 468 F.2d 774 (9th Cir. 1972), in which we found that the failure to state reasons for denial of a requested hardship classification was cured because the reasons could be ascertained from the administrative record.

 Here, a prima facie case for a hardship claim had been presented,[5] and it is undisputed that the appeal board reclassified appellant 1–A–O without stating any reasons therefor. That

would not necessarily be fatal if "the appeal board's reasons can be determined from the agency record with reasonable certainty." United States v. Kember, *supra*, 437 F.2d at 536.[6] No such determination can be made in this case. There are a number of reasons on which the appeal board might have based its determination, but there is no hint in the file as to which it may have chosen.

---

3. To the same effect are United States v. Mount, 438 F.2d 1072, 1074 (9th Cir. 1971); United States v. Prichard, 436 F.2d 716, 718 (9th Cir. 1970); and United States v. Callison, 433 F.2d 1024, 1026 (9th Cir. 1970).

4. Although the issue was not raised, the appeal board, in effect, has reclassified appellant from 1–O to 1–A–O and has therefore denied a conscientious objector claim. If so, with no reasons stated, reversal would be required by *Haughton* and *Kember*. However, the thrust of the appeal is the denial of the 3–A claim.

5. Numerous letters in the file from the registrant, from his family and relatives, and from friends and a doctor alleged that appellant's father had become totally disabled, that his mother was too ill to work, having suffered a recent heart attack, that

a minor sister was living with the family, that the family lived in a remote area and raised its own produce and chickens and burned wood for fuel, and that the family's only steady income was $151 per month from Social Security and $50 per month from Welfare. The letters further stated that, in addition to daily chores and occasional outside odd jobs, appellant did all of the heavy work in maintaining the truck garden and cut the wood for fuel. *Cf.* Howze v. United States, 409 F.2d 27 (9th Cir. 1969).

6. *See also* United States v. Marcovich, 454 F.2d 138 (9th Cir. 1972).