891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall CARVER, Defendant-Appellant.
 No. 89-5373.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Randall Carver (Appellant) appeals his conviction following a jury trial on one count of bail jumping in violation of 18 U.S.C. § 3146. Appellant was sentenced to 37 months of incarceration, to be followed by three years of supervised release.
 
 
 2
 Appellant assigns error to the district judge's refusal to admit testimony relative to Appellant's asserted reasons for failing to appear in district court on September 12, 1988, the date scheduled for the commencement of Appellant's trial on a perjury count. Appellant was charged under the bail jumping statute for this failure to appear. The statute makes it a crime to "knowingly" fail to appear before a district court in accordance with the terms of a defendant's release.
 
 
 3
 At Appellant's bail jumping trial, the Government demonstrated through circumstantial evidence that Appellant was fully aware of his obligation to appear in court on September 12, 1988. Appellant, in an effort to rebut this evidence, desired to testify that he failed to appear in court because he feared that he was subject to arrest by Tennessee authorities for reasons unrelated to the federal proceedings. The district court, concluding that any such testimony would not constitute a legal defense to the bail jumping charge, ruled the testimony irrelevant and, hence, inadmissible.
 
 
 4
 This court, after a review of the record and of the applicable legal precedent, concludes that any testimony that Appellant may have proffered relevant to his reasons for failing to appear in court would not have constituted a legal defense to the bail jumping charge for which he stood trial. See United States v. Odufowora, 814 F.2d 73 (1st Cir.1987) (fear of deportation by Immigration and Naturalization Service not a legal defense to failure to appear in district court); United States v. Miller, 451 F.2d 1307 (4th Cir.1971) (defendant's alleged fear of bodily harm or death not a legal defense to bail jumping charge) For this reason, the district court was correct in excluding the testimony, and Appellant's conviction is hereby affirmed.